FILED - USDC - FLMD - JAX
NOV 12 2024 PM2:54

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACSONVLLE DIVISION

Case Number: 3:24-cv-1159-HES-PDB

KRISTEN ADAMS, and
Does 1 through 100
    Plaintiff(s)

vs

FIDUS ROOFING AND CONSTRUCTION LLC,
a Florida limited liability company,  and
JAMES FRANCIS SUPLEE, an individual, and
HARRIS TRIAL LAW PA, a Professional
Association and
CHRISTOPHER TODD HARRIS, ESQ, individually as
a debt collector under the FDCPA, and subchapters
    Defendants

**Verified Complaint and Demand for Jury Trial**

Violations of
a) Constitutional Rights
b) 42 U.S.C. 1983 – Deprivation of rights
c) 15 U.S.C. 1692 - FDCPA
d) FDCPA §803,§807,§808
e) UDAAP
f) Dodd-Frank Act §§1031,1036
g) U.S.C. §5531,5536
h) Section 559.77, Consumer Collection Practices
i) FDUTPA Sections 501.201-213
j) F. S. 817.535 – Unlawful filing
k) Abuse of the legal process
l) F.S. 817.034 Civil Fraud
m) Slander of Title F.S. 48.23 (3)

1

1.      Kristen Adams, Plaintiff Pro-Se and Does 1-100 sues Fidus

Roofing and Construction LLC  and James Francis Suplee ("Suplee")

collectively referred to as  ("Fidus ") and Harris Trial Law PA, a

professional association, and Christopher Todd Harris ("Harris") collectively

referred to as "the Debt Collector" and all defendants collectively as "the

defendants" for past and current deprivation of Plaintiff Adams civil rights

under the 14th Amendment of the US constitution; and Florida State

constitutions, to wit; Section 16 b(2) and Section 16 b(5) and Section 16 h

(10) and Section 17;  and 42 U.S.C. 1983 for intentional and egregious

attorney conduct that could only be committed in bad faith and such findings

will show extreme bad faith conduct that grievously violates the United

States Fair Debt Collections Practices Act (15 U.S.C. 1692) and subchapters

of FDCPA,42 U.S.C. 1692 – FDCPA and subsections; 42 U.S.C. 1983 Civil

Action for Deprivation of Rights;  and the Unfair, Deceptive, and Abusive

Practices Act  §817.535 and the Florida Deceptive and Unfair Trade

Practices Act, UDAAP, Chapter 501, Part II and these and other such unfair

acts have caused substantial injury, not reasonably avoidable, and not

outweighed by countervailing benefits to consumers; violations of Florida

statutes 817.535, 768.72, 559.72 and 559.77, Abuse of the Legal Process,

2

multiple actions of Filing of False Records Chapter 817 Section 535, Civil

Fraud, and says under oath and in support of her allegations;

2. This is an action for monetary, injunctive, and other equitable

and statutory relief. brought pursuant to the United States Constitution, 14th

Amendment, the Florida Constitution, 42 U.S.C. 1983 Civil Action for

Deprivation of Rights; Florida Deceptive and Unfair Trade Practices Act

(FDUTPA), UDAAP, Chapter 501, Part II, Violation of 7.01 (b), Violation

of Rule 1.442, and Section 559.77 F.S., and the Florida FDCPA and

FCCPA and subchapters; and reservation of punitive damages under 768.72

F.S for gross intentional conduct and intentional gross negligence, and

immoral, unethical, oppressive, unscrupulous and substantially injurious

practices of the defendants and debt collector, individually and unethically

and immorally collectively acting as co-conspirators in their practices to

oppress, destroy, and injure Adams and unfairly and illegally claim property

and money they are not entitled to causing severe and irreparable harm.


JURISDICTION AND VENUE


3. Kristen Adams (hereinafter "Adams" or "Plaintiff" ) seeks

relief in an amount greater than Fifteen Thousand Dollars ($15,000.00),

3

exclusive of interest, costs and attorneys fees, as well as injunctive relief to remove the 2022 Lis Pendens which has clouded her title and prevented her from refinancing or selling her 2nd home that is not under lien and reservation and consideration of punitive damages under Chapter 768.Section 72.

4.      Venue is proper in this court as the statutory violations alleged herein occurred within Duval County, Florida where the events occurred, and/or originated from Saint Johns County, Florida, where the Plaintiff and the Defendant Fidus Roofing and Construction LLC resides and works – these events occurred and are continuing to occur.

5.      The action was committed by defendants acting under "color of state law" and the action resulted in deprivation of constitutional and federal statutory rights.

6.      All other conditions precedent to this action have occurred.

7.      There are other plaintiffs that may /will join this action and/or testify to the same violations if this Court will grant them immunity from prosecution for violating the terms of the egregious and strict Fidus "non-disparagement" agreement that they were forced to sign under threat of losing their home to foreclosure and more attorney fees.   Additionally, if the additional plaintiffs can be identified and agree to appear, Adams requests

4

that this Court entertain converting this complaint to a Class Action Lawsuit, with a Jury Trial demanded.

8.     Adams seeks the right to request punitive damages in the future if this Court determines that Fidus engaged in intentional misconduct *Fla. Stat.* 768.72 (2).

9.     This court has jurisdiction.  An action to enforce any liability created by the statutes which protect consumers, and the Fair Debt Collections Practice Act and any subchapter of the Fair Debt Collections Practice Act may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.  The Fair Debt Collections and/or subchapter of same violation occurred on 11/14/2024, 11/18/24 and 11/28/24, 2/03/2023 and 9/26/2023, specifically.

10.    There is no statute of limitations on constitutional complaints.

11.    There is a two year statute of limitations on certain FDCPA complaints. This lawsuit is filed within the statutory limitations.

12.    There is a three year statute of limitations on provisions of the UDAAP statutes.

## THE PARTIES

13.     Kristen Adams is a Florida resident residing at 1871 Hawkcrest Drive, Saint Johns, Florida 32259, and her mailing address and noticing address is PO Box 600072, Jacksonville, FL 32260 and email address of kristenadams777@yahoo.com.

14.     James Suplee is an individual, and the owner of Fidus Roofing and Construction LLC, 1955 SR 16, Saint Augustine, FL 32084 who also resides in Saint Johns County.

15.     Christopher Todd Harris, a Florida licensed attorney in good standing, who by his words and filings identifies himself and his company "Harris Trial Law PA" as a "Debt Collector" for Fidus Roofing and Construction LLC whose office is located at 7645 Gate Parkway, Suite 106, Jacksonville, FL 32256 and email address of chris@harristriallawpa.com.

## BACKGROUND OF THE CASE

16.     The case originated in a Mechanics Lien Case filed by Fidus in 2017.  Fidus prevailed.  The Judge issued her "Findings of Fact and Conclusions of Law".  Fidus filed the original Findings in my 2020

bankruptcy as the order of the Court, and claimed a lien of $65,085.53, the amount ordered by the Court in the original Findings. The original Findings was never docketed by the judge. An amended judgment was filed almost one year later after the 2020 BK stay was lifted. Harris advised the parties that he had the "original word documents" and he promised the parties he would not change the judge's original Findings of Fact and Conclusions of Law. When the judgment was recorded, it had been changed to include post judgment attorney fees not included in the original findings. After the death of the co-defendant, Fidus began demanding $212K. Fidus is now demanding $325,000 in appellate and bankruptcy fees that were denied on 11/28/2022. When I signed a contract with Fidus, there was no mention of any attorney fees or bankruptcy fees. Adams has been horribly damaged by the threats, coercion and demands for the Fidus claim that exceeds the judgment that already includes over $55,000 in attorney fees and costs and threats of the loss of the "Nicobar" property. Adams has been horribly damaged by the unfair deceptive and abusive acts in the courtroom and in their pleadings and motions intended to harass, oppress and abuse Adams and deceive the court. These named acts as well as the intentional unlawful immoral and unethical and unscrupulous campaign of unfair and deceptive business and collection practices that were intentionally designed to oppress,

harass, intimidate, coerce and suppress Adams rights have caused and still

cause to this day irreparable harm.


SPECIFIC ACTIONS


17.   Fidus filed a Motion for Entry of Foreclosure Judgment on

7/9/2021. Fidus could have been paid in 2021 but they cancelled the hearing

upon receiving an objection.  It is Fidus right to forego foreclosure, but it is

deceptive, and unfair to testify and to claim in filed pleadings and motions

that Adams has "fraudulently prevented, hindered and delayed collection of

their judgment". These allegations were made purely to bully,  frighten and

coerce Adams into signing an egregious settlement agreement which

contained outrageous and shocking demands for money that was not

rendered into an agreement, contract, statute, or judgment.  Fidus is aware

that the lien may be defective, and even placed that question into their initial

lawsuit.  Fidus cancelled their foreclosure hearing upon the filing of an

objection, and motion for redemption thus avoiding the very litigation that

they commenced (with emphasis).   The Defendants have hounded,

threatened, bullied and coerced me for years to pay more then the judgment,

and have intentionally misrepresented plaintiff, the lien, and the

circumstances to the bankruptcy and trial court judges. Only recently did Adams discover Fidus lien is so defective, they may never be able to foreclose, and thus there is gross intentional deceit and abuse intended to frighten, coerce and bully Adams into signing their settlement agreement.

18.     On November 9, 2022, after discovering that the co-defendant Pope was deceased and I sold his home, Fidus began a campaign of conspiracy, and deception, and began demanding more then the judgment.

19.     On 11/9/2022 Fidus filed a Notice of Lis Pendens on my exempt property, "Nicobar" that had no nexus to the case, and falsely included my husband as a defendant.

20.     On November 15, 2022 – Fidus began threats against my husband in an effort to frighten me into paying them. Chris Harris threatened to go to New Jersey and take everything that my husband has. As proof of his intentions, Chris Harris sent me a copy of a FDCPA Validation Letter demanding that my husband pay $202,423.61, and stated that the basis for their claim is "set forth in the Complaint filed on November 8, 2022." Adams was never served with this complaint, nor had I ever seen any bills or invoices, nor were they filed with the Court. Immediately after sending the FDCPA validation letter, Fidus sent me a proposed settlement agreement and told me that if I did not sign it, "the fees would continue to go

up." I believed I was being threatened and coerced. Because Fidus refused to accept payment of the judgment, and now was threatening my husband, who knows nothing of the case, I was forced into an expensive bankruptcy which disrupted my life, ruined my credit, cost me thousands of dollars, made my life unbearable, and caused mental health and physical problems.

21.     November 15, 2022 – email "Fidus rejects your offer of $85,000 to settle its claim. Fidus' claim is presently $202,423.61"

22.     On November 18, 2022 "email "Chris Harris rejected an offer to settle of $100,000 stating that they will settle the matter for $190,000. This constitutes Fidus' best financial offer. Any financial counteroffer will be declined.

23.     On November 6, 2023 the defendants filed a Motion to Set Foreclosure Sale. The debt collector has not taken any action to foreclosure, but has presented me with another egregious settlement offer.

24.     On November 15, 2022 Fidus sent an email to Graham W. Syfert subject Re: Fidus / Adams and Johnson and rejected an offer of $85,000, and stated their claim is "$202,423.62" and stated they will "settle at this point, $200,000 plus entry of a settlement agreement and confidentiality provision coupled with a non-disparagement provision.

25.     On November 18, 2022 defendants demanded that I settle for $190,000.

26.     November 19, 2022 – I sent an email to the debt collector with cc to Graham W. Syfert, Esq, requesting proof of expenses/costs/fees that justify demand of $190,000 to settle this case and received "no response"

27.     On November 21, 2022 the debt collector sent me a settlement offer which stated that I owed $320,188.04.

28.     On March 8, 2024, the debt collector stated I owed $312,275.30.

29.     November 28, 2022 – email offering to pay the $65,085.53 plus the interest.  I am herewith requesting a copy of all paid receipts, attorney bills and costs and fees that were insures as well as the final total.  Note: I will not pay for an attorney who was ineligible to practice (Record for Brian Patrick Hall online found at the Florida Bar website)

30.     On 2/3/2023, Fidus filed an "Objection to Debtors Exemptions" in 3:22-bk-02431-JAB.  This pleading fails to notify the Court that the property was outside of the reach of Fidus until the untimely death of Velious Carl Pope, the co-defendant.  The property was underwater, mortgages exceeded the value, and the co-owner was named on title as a beneficiary according to my mothers' will.   Thus when Pope died on

7/25/2022, Fidus turned their attention to the Nicobar property and started to threaten me with loss of my income producing property in an effort to coerce me into signing their settlement agreement.

31.    In November, 2022, when Adams offered full payment of the judgment, plus interest, in cash, this was a "tender of payment for the judgment". Fidus continued their unfair, deceptive and abusive claims to the court of my "scorched earth attempts to avoid payment of the judgment". Fidus was demanding more then the recorded judgment.

32.    On 09/26/2023 Fidus filed a <u>Motion for Case Management Conference.</u> This motion was filed with a deceitful and dishonest purpose. It purportedly was for "scheduling of various hearings". But none were planned, and none were scheduled. Chris Harris instead requested post judgment attorney fees and Proceedings Supplementary that had been denied in 2022, and failed to apprise the Court that I have made attempts to pay the judgment and he has absolutely refused payment. In paragraph 3, Fidus states "The judgment remains wholly unsatisfied". Fidus does not tell the court that I have made attempts to pay the judgment in full, in cash, with interest. At paragraph 5, Fidus states "Adams bankruptcy constituted another effort by Adams to delay, hinder and defraud Fidus and thwart its ability to collect on the judgment as Adams never proposed a confirmable

plan to address Fidus claim. This is a false, deceitful statement made for ulterior purposes and intended to cause significant financial injury to Adams.

33.    Fidus filed a fraudulent document with the Court abusing the legal process. The "Affidavit of James Suplee" is filled with untruthful statements, allegations and twisting of the truth and facts, in violation of F. S. 817.535 – Unlawful filings. The document was filed knowingly, intentionally, and with malice for the sole purpose of deceiving the Court into approving proceedings supplementary. The document does not satisfy the plain language of the statutes, but most importantly, it fails to satisfy any basic portion of the statute. It is based on fraud, lies and deceit.

34.    During the 2022 bankruptcy, 22-bk-02431-JAB, due to Fidus false allegations, and false statements, I was converted to a Chapter 7. This was a vicious strategy to put Nicobar under their control, and future ownership. The Chapter 7 Trustee refused to continue the case against me, citing it as "unfair" and stated "I am uncomfortable dealing with folks who have done something wrong and refuse to admit it" and "Fidus is withholding information from the court", and other statements that absolutely prove that Fidus was intentionally committing perjury and fraud. It was the Chapter 7 Trustee that stated that he had a very good FDCPA case against Fidus for their dishonest actions.

35.     Although the trial court had jurisdiction, and denied Fidus appellate fees, Fidus demanded $230,000 in their Fidus Proof of Claim 8-1 in violation of Federal Rule 3001, FDCPA, and UDAAP rules.

36.     Fidus continues to demand appellate fees in violation of Rule 7.01 (b).  Entitlement to post judgment attorney fees has never been determined and Fidus knows, or should know that bankruptcy fees are not awarded unless there is a contractual agreement or statutory agreement. Fidus failed to execute on their lien thus they are not authorized to demand attorney fees under §57.115, or under the garnishment statute which does not award attorney fees.

37.     On February 23, 2024 the Saint Johns Sheriff Office offered to collect the judgment to satisfy the Writ of Execution.  Chris Harris refused to send the pay off documents to the SJSO so that I could pay the judgment. Instead he embarrassed me in front of a sheriff that I have worked under as a process server, and a potential future employer by sending bankruptcy documents and telling the SJSO that I owed $312,275.30 and that I was lying and that I never offered to pay what was owed.

38.     Fidus appellate team continues to tell the appeals court that I am delaying, hindering and fraudulently preventing payment of the judgment, when they know, or should know that Fidus and Chris Harris has

no intention of collecting the judgment. Defendants want more attorney fees and want me to pay their "claim" of $325,000.

39.   Fidus various claims, including $190,000, $200,000 and $325,000 are not based upon any judgment, agreement or statute and Adams has never been served with copies of the invoices or bills or any notice from the debt collector to substantiate the validity, amount or source of the claim.

40.   The debt collector is deceiving the Court into believing that proceedings supplementary is justified based upon the false, misleading, and deceptive Affidavit of James F. Suplee and the false allegations and statements in the various motions that have been filed.   Fidus and the debt collector is still demanding post judgment attorney fees although entitlement has never been determined and the bills were never submitted to the Court

## SUMMARY OF GENERAL ALLEGATIONS

41.   Fidus is demanding more money than the judgment allows.

42.   Fidus has used threats of loss of my property and intimidation of "more legal fees" to force me to sign their settlement agreement.  Fidus has threatened to take my home, money and property by filing a Writ of Execution, and threatened to include my sickly husband in the action, with absolutely no intention of taking any action.

43.     In violation of my constitutional rights, Fidus is holding me prisoner in this litigation, and there is no way I can end the litigation, control my property, improve or sell my property, or obtain loans or repair my credit or end the litigation because Fidus refuses to accept payment of the judgment,  refuses to foreclose, accuses me of not paying the judgment, blocks me from paying the sheriff, and other unfair deceptive and abuse acts.

44.     I only recently discovered that the Writ of Execution, and the recorded judgment was never sent to the sheriff.  I discovered it by accident when I called the JSO and tried to pay the judgment.  For all these years, I have suffered and been stressed out every day, forced to answer the Fidus pleadings, forced into filing bankruptcy to protect my property when there was absolutely no need for me to file bankruptcy because the lien is defective, and Fidus was not seeking to foreclose, and Fidus was not seeking to execute on the Writ of Execution.   Their demands for payment of the claim "or the fees will continue to rise" and by using threats of foreclosure of my Nicobar property, and threats of dragging my poor husband down here to Florida for depositions and possible trial, is blackmail and coercion with the immoral oppressive goal of threatening me so I agree to sign their settlement agreement for more then the judgment to avoid bigger losses, more attorney fees, loss of my Nicobar property and harm to my husband.

45.     I am mentally, physically, financially and emotionally harmed by their deceit and unfair, and abusive collection methods to the point of seeking psychiatric help at Mayo Clinic and Compassionate Care to get through the days.  Fidus never intended to foreclose and only used that threat to coerce, and frighten Adams into signing their egregioius settlement agreement.  These false threats, abuse and deception directly affected the co-defendant, Pope, resulting in his suicide on 7/25/2022.  The loss of my advisor/friend, and the threats and false accusations by the Defendants, fears of losing my vehicles, money , real and personal property caused me to have a total mental breakdown, diagnosis of PTSD, and causing me to be placed on medications to be able to function.

---

Count 1 – All Defendants

Claim under the U.S. and Florida Constitution

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

45.     In violation of the US and Florida constitution, the Defendants

individually and collectively conspired to threaten, harass, and frighten

Plaintiff into paying more money than the recorded judgment.

46.     Adams has been denied due process by Fidus filing an adulterated

modified judgment almost one year after the original Findings.

47.     Adams has been denied due process by Fidus seeking Proceedings

Supplementary for the purposes of a "fishing expedition" and expensive

depositions without ever been served, and without any understanding or

knowledge of the basis of the Fidus claim.

48.     Adams is unable to enjoy her life, or to control her property due to

Fidus lien that they refuse to foreclose upon or accept payment for, but yet

Fidus continues the litigation to earn more legal fees, with no escape or no

way out, keeping Adams in a hostile environment, locked into litigation as a

prisoner is locked in jail; unable to obtain loans, restore her credit, repair her

properties or lease or sell them.

49.     The defendants are preventing me from ending the litigation, thus

ensuring continued income at my expense. I am prevented and actively

blocked from paying the judgment, keeping me in an endless cycle of

litigation and escalating fees.

50.     Adams constitutional rights under the United States of America, and the State of Florida were violated and are continuing to be violated.

Adams requests an award of damages; compensatory, and statutory, costs of this lawsuit, and costs of fees and attorney consultations and any and other fair and just relief as determined by this court.

Count II – All Defendants  - Violations of Florida's Unfair and Deceptive Trade Practices Act, Chapter 501, Part II and in accordance with 559.72;

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

51.     In violation of Chapter 501, Part II, the Defendants individually and collectively conspired to threaten, harass, and frighten Plaintiff into paying more money than the recorded judgment.

52.     The defendants are preventing me from ending the litigation, thus ensuring continued income at my expense.  I am prevented and actively blocked from paying the judgment, keeping me in an endless cycle of litigation and escalating fees.

53.    559.72 (5)  - Disclosed to SJSO information that they should not have known and did not need to be known (559.72 (5) thus damaging my credibility and reputation with the Saint Johns Civil Process Unit, a former and potential ongoing employer.

54.    Disclosed information about their claim known to be disputed by me without disclosing the fact, and in fact, misleading the sheriff by stating that "you have never agreed to pay or have attempted to pay the amount owed when I have previously provided you with a notice of the amount due.

55.    559.72 (9) Stated "the current balance owed on Fidus claim is $312,275.30.

56.    Accused me of "trying to create false evidence record" to a former and potential employer.

Relief requested is the cost of this lawsuit and fees; statutory and compensatory damages, relief from paying the interest on the judgment from the date that Fidus cancelled their foreclosure hearing;  and any other fair and just relief as determined by this court.

COUNT III - All Defendants

Section 501.204(1), Florida Statutes, indicates "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

57.     Defendants have engaged in a pattern of misinformation, false testimony, and deception. Defendants have committed and are committing acts or practices in trade or commerce which shock the conscience; have engaged in or are engaging in representations, acts, practices or omissions which are material, and which are likely to mislead consumers acting reasonably under the circumstances; have committed and are committing acts or practices in trade or commerce which offend established public policy and are unethical, oppressive, unscrupulous or substantially injurious to consumers; and have engaged in acts or practices that are likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves, or outweighed by countervailing benefits to

consumers or competition. Thus, Defendants have engaged in and are engaging in unfair or deceptive or unconscionable acts or practices in the conduct of any trade or commerce in violation of § 501.204(1), Florida Statutes.

58.     These above-described acts and practices of Defendants have injured and will likely continue to injure and prejudice the public.

59.     Defendants have willfully engaged in the acts and practices when they knew or should have known that such acts and practices were unfair or deceptive or otherwise prohibited by law.

60.     Unless Defendants are enjoined from engaging further in the acts and practices complained of, the continued activities of Defendants will result in irreparable injury to the public for which there is no adequate remedy at law.

61.     Damages requested are the maximum available under this statute,  that this Court believes is just and fair, taking into consideration the pain and suffering inflicted by Fidus; and because Fidus actions were intentional, with knowledge they were illegal; were long standing over six years, were committed with malice and have been committed on Adams and others willfully and knowingly and in a conspiracy of misdeeds with malice.

COUNT IV – All Defendants

Violations of § 501.203(3)(c)  Pursuant to § 501.203(3)(c), Florida Statutes, a violation of Chapter 501, Part II, may be based upon "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

62.    Fidus has engaged in unfair, deceptive, and unconscionable acts and practices by appearing in county and bankruptcy court accusing Adams of "delaying hindering and fraudulently preventing Fidus from collecting on their judgment, when in fact, since the judgment was entered, there has never been any action of Adams to hinder, delay or prevent payment. These false allegations are made to sway the courts opinion, unfairly and with deception, to further their own cause and increase the total legal fees owed.

63.    In fact, it was Fidus that delayed, hindered and prevented their own collection of the judgment when they failed to foreclose, failed to accept full payment in cash of the judgment; and blocked payment to the Saint Johns Sheriff office. Fidus failed to send t their writ of execution and/or recorded

judgment to the sheriff for "execution" and has engaged in threats and intimidation that if Adams does not sign the agreement, she will face more attorney fees, and now she is facing the loss of a second property that is not associated with the case and is an exempt property. Fidus claimed and threatened to enforce a debt then they knew the debt is not legitimate, and tried to assert the existence of some other legal right when Suplee and Harris were acutely aware that the right does not exist. (559.72 (9) )

Relief requested is the cost of this lawsuit and fees; statutory and compensatory damages, relief from paying the interest on the judgment from the date that Fidus cancelled their foreclosure hearing; and any other fair and just relief as determined by this court.

COUNT V  All Defendants

Violation of 14 U.S. Code 1983:

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

64.    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

24

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity....

65.     Violation of the Dodd-Frank Act by the debt collector Harris Trial Law, PA and Christopher Harris, in support of his client, James F. Suplee, and Fidus Roofing and Construction LLC whereby they collectively and individually engaged in acts which violated the "Fair Debt Collection Practices Act (FDCPA) for abusing the Plaintiff in collection of the debt, and false misleading and deceptive misrepresentation for untruthful statements made to the county court judge to inflame her and unfairly tilt the wheels of justice in the defendants favor by declaring that "the Judgment remains wholly unpaid" when in fact the judgment is only unpaid because Defendants have blocked Plaintiff from paying and the Saint Johns Sheriff's Office during attempts by Plaintiff to pay off the debt.  It is a violation of the FDCPA to demand money that is not owed in an agreement or judgment.

Damages requested are the maximum allowed under this statute, and compensatory damages equal to the damages demanded by Fidus - $325,000 – and/or relief from the interest from the date that Fidus cancelled their foreclosure hearing and/or other compensatory damages and any other damages this Court believes is fair and just.

COUNT VI    Debt Collector – F.S. 48.23 (3) 51 AM.JUR.2D LIS PENDENS §28

Filing of Lis Pendens on Nicobar

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

66.    The Nicobar property is titled in the name of John E. Johnson and Kristen Johnson (aka Kristen Adams) as Tenants in the Entireties in a deed dated 5/11/2020.   John E. Johnson is not a defendant in this case, and has no actual knowledge of any of the events.  The defendants filed a Lis Pendens on an exempt property for the purpose of tying my hands, of ruining my credit, and coercing me into accepting their egregious settlement agreement.  There is no such case because the motion and complaint was dismissed by the trial court on 11/28/2022.  Afterward Chris Harris refused to remove the Lis Pendens.  "When the primary purpose is to recover

money damages, the filing of a Notice of Lis Pendens is not authorized." It is more then one year since the Lis Pendens was filed. The Lis Pendens should be removed under F.S. 48.23(2)

Relief Requested: Injunctive Relief – an order to the clerk to remove the Lis Pendens, and compensatory damages for the loss of the 2022 sale of Nicobar, which resulted in loss of profit (equity) when Nicobar failed to close; loss of rental income due to property being listed for sale; subsequent mortgage payments because the property could not be rented or sold; and any other statutory or compensatory damages or ruling on damages that is fair and just relief as determined by this court.

COUNT VII – Christopher Todd Harris and Harris Trial Law PA - Violations of the UDAAP and Dodd-Frank Act

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

67.    Chris Harris and Harris Trial Law PA have engaged it tortuous conduct under the Deceptive and Abusive Acts or Practices Act (UDAAP) and the Dodd-Frank Act in addition to sustained and continued threats and actions under the FDCCA AND FDCPA.

68.    Chris Harris is demanding $325,000. The judgment is for $65,085.53 plus interest.

69.    The debt collector false claimed that Adams owes $202,000, then the following year, increased their claim to $325,000.  Adams only owes the judgment amount, there are no other greater amounts rendered into an order or a judgment.  The debt collector knows that the debt is not legitimate and that this legal right claimed does not exist.

70.    The debt collector slanders and embarrasses me and has caused great harm to my reputation and credibility, and has unfairly by using deceipt and false statements turned the courts against me  by continuing to tell the court that I refuse to pay knowing I have offered full cash payment.

71.    The debt collector has encumbered my Nicobar property for the sole purpose of threatening and frightening me into signing their agreement.

72.    The debt collector is engaging in proceedings under §56.29 a tool for collections by stating that I have not paid the judgment, knowing full well that I have offered full payment.  The debt collector seeks intrusive depositions in a "fishing expedition" into my husbands financial affairs for the sole purpose of harming me and frightening me into paying more then I owe.

73.    The Defendants have engaged in a conspiracy to increase their judgment by a strategy to destroy my credibility with the court in order to obtain unearned sympathy and to unfairly tilt the scales of justice.   This strategy was uncovered by the United States Chapter 7 Trustee.

74.    The debt collector threatened me with the loss of my vehicles,  my money, and my personal and real property through their recorded judgment and Writ of Execution when the debt collector knew or should have known that he did not file the Writ with the sheriff, that there is no execution, that he never intended to foreclose on the property, that the lien is likely void and that the debt or the right to claim the debt does not exist.  And the debt collector filed pleadings and motions which falsely and with malice knowingly accuse me of not paying the judgment and of avoiding the debt.


Relief requested is the maximum statutory and compensatory damages as well as costs and fees incurred in this lawsuit, elimination of the interest after Fidus cancelled their foreclosure hearing;  pre and post judgment interest, fees and costs; and three times the amount of the judgment, $65,085.53, or $195,256 and any other fair and just relief as determined by this court.

Count VIII –  All Defendants - Violations of the FCCPA, AND FDUTPA

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

75.    Defendants have falsely represented the character, amount and legal status of the debt to me, to the court, and to the Saint Johns Sheriff's office, and in the process have slandered and harmed my professional reputation and impaired employment opportunities with SJSO and other county office

76.    Defendants have threatened me with foreclosure, and filed another foreclosure action but once again, take no action.  Fidus actions are clear that they had no intention of foreclosing, and that their filing of various pleadings was for another purpose – increased legal fees and coercing me into signing their settlement agreement for $325,000.

77.    Defendants threatened to take all my personal and real possessions but did not intend to do so – it was intended as a threat, to coerce and frighten me into signing their settlement agreement.

Relief requested is the maximum statutory, declaratory, compensatory and injunctive relief  permissible and recovery of damages;  and/or damages as allowed in 501.2105; cost and fees incurred in this lawsuit, and three

times the amount of the unlawful amount claimed, $325,000 x 3 ($975,000)

plus pre and post judgment interest; and/or relief from paying the interest on

the judgment and any other fair and just relief as determined by this court.


Count IX – All Defendants

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"),

§§501.201 ET SEQ., Florida statutes


Paragraphs 1 through 45 are hereby realleged and incorporated by reference,

as if fully set forth below.

78.     This is a claim for violation of Florida's Deceptive and Unfair Trade

Practices Act, §§501.201, et seq, Florida statutes.

79.     The stated purpose of the Act is "to protect the consuming public and

legitimate business enterprises from those who engage in unfair methods of

competition, or unconscionable, deceptive or unfair acts or practices in the

conduct of any trade or commerce" (F.S 501.202 (2)).

80.     Adams is a consumer and the transactions at issue in this complaint

constitutes "trade or commerce" as defined by sections 501.203 (7)-(8)FS.

81.    Defendants have falsely represented to the Court that I have "delayed, hindered, and fraudulently prevented" Fidus from collecting on their judgment.  The truth is they refused to foreclose or they could have collected in 2021.  Then in 2022 when Adams offered full payment, in case, plus interest and costs, they refused. Thereafter, in every pleading Fidus has filed or stated in sworn testimony that I refuse to pay them causing them significant injury and loss of income.  Fidus fails to tell the Court the truth – that I have offered to pay up to $100,000 in cash.

82.    Fidus continues to demand $325,000 although the judgment is for $65,085.53.

83.    Fidus caused great embarrassment and professional injury when they made false representations about the character and amount of the loan, as well as personal attacks on my character and credibility thus denying me any chances of working in Saint Johns county.  Further damages were incurred when Adams was unable to sell the property due to the lien, and unable to rent it out; and thus was forced to pay the mortgage on a vacant home,

Relief requested is the maximum statutory, declaratory, compensatory and injunctive relief  permissible and recovery of damages;  and/or damages as allowed in 501.2105; cost and fees incurred in this lawsuit, and three times the amount of the unlawful amount claimed, $325,000 x 3 ($975,000) plus pre and

post judgment interest; and/or relief from paying the interest on the judgment and any other fair and just relief as determined by this court.

Count X     - All Defendants   Slander of Title

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

84.     The defendants placed a Lis Pendens on the Nicobar property on 11-9-2022. The Lis Pendens caused me to lose rental income and the sale of the property on 11/30/2022.   Defendants refuse to remove the Lis Pendens causing Adams to suffer actual damages, loss of income and ability to sell the home or refinance the home; and to this day is unable to remove the cloud from the title.

Plaintiff seeks compensatory damages for the loss of the sale of the property, the inability to rent the property, the loss of rental income, costs and fees, and/or the difference between the sale price of the home $325,000 and the amount owed, $150,000 (approx),  (the sale price of the home-mortgages) Total $175,000; and an order removing the Lis Pendens and any other fair and just relief as determined by this court;

Count XI– Civil Fraud – Christopher Todd Harris, and Harris Trial Law PA §817.034; and 775.0863(1)(b) committed against a person over the age of 65 with a known disability.

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

85.    This cause of action for abuse of process came about when Fidus filed their motion/summons for proceedings supplementary to achieve a result that is not related to the purpose for which the process was intended.

Relief requested is injunctive to quash the fraudulent filing, and compensatory and emotional damages including cost of this lawsuit, fees, attorney consultations and any and other fair and just relief as determined by this Court.

COUNT X – All Defendants – 42 U.S. Code 1983-
Civil Action for deprivation of rights

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

86.     The Defendants have kept me a prisoner of this litigation.  I am unable to escape and have been locked into this lawsuit since they cancelled their foreclosure hearing in 2021.  They refuse to accept payment.  They have intentionally, recklessly, and with malice and greed, prevented and blocked me from paying the judgment, thereby, keeping me a prisoner to the litigation.

87.     The deceptive act is the filing of the Writ of Execution but failure to pay the fees and send it to the sheriff.  The Defendants claimed "fees" incurred in the "execution of the judgment" but they had no execution.  I was frightened and forced to take steps, like bankruptcy to protect myself, when no protection was needed.  This destroyed my credit, prevented me from obtaining loans, tied my life up for years while I prepared and filed pleadings and motions; and this deceptive lie that they had a Writ was material and caused great financial, health, and mental health problems that have seriously impacted my ability to function. The Defendants have led me to believe I was going to lose my home, my bank accounts, personal, and real property.

88.     The Defendants have filed pleadings that were for other purposes; i.e. to threaten, coerce, intimidate, and frighten Adams to coerce me into signing their egregious settlement agreement that far exceeds the value of the judgment, interest and costs rendered of the recorded judgment.

89.     The Defendants have abused the civil process and the trust of the court by filing pleadings that have no legal basis, that are frivolous and based upon claims that have already been denied.   The pleadings included

false allegations against Adams, defamatory remarks intended to harm the reputation and standing of Adams, and destroy her credibility with the judge.

90.     The Defendants filed e-mails to the Sheriff of Saint Johns County including bankruptcy information and other personal information, with the intention to slander and discredit Adams in the eyes of the SJSO.
The Defendants have demanded more then the actual judgment.

Collectively, all these actions constituted a deprivation of my rights. Adams requests fees, costs of the lawsuit, attorney consultations fees, statutory, and compensatory damages and any other relief this court awards.

   COUNT XI – Fidus Roofing and Construction LLC and James F. Suplee, individually –

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

91.     James Suplee, sole owner of Fidus, knowingly and with malice and with an intention to deceive the Court, and to harm me, filed an Affidavit of James Suplee with the Court that contained false information so that the Court will approve proceedings supplementary.

Relief requested is compensatory and statutory. Adams requests costs, fees, attorney consultation feesa nd any other relief fair and just relief.

COUNT XII Christopher Todd Harris and Harris Trial Law

U.S.C §1692 ( e ) False or misleading misrepresentations and  FDCPA §803, §807, §808, Dodd-Frank Act §§1031,1036 U.S.C. §5531,5536;

Violation of Section V of the Unfair, Deceptive, and Abusive Practices Act The Dodd-Frank Act prohibits conduct that constitutes an unfair act or practice. An act or practice is unfair when a) it causes or is likely to cause substantial injury to consumers; b) The injury is not reasonably avoided by consumers; and c) the injury is not outweighed by countervailing benefits to consumers or to competition.  A substantial injury typically takes the form of monetary harm, such as fees or costs paid by the consumer because of the unfair act or practice.  Injury does not have to be monetary.  Emotional impacts may "contribute" to substantial injury.  Actual injury is not required; a significant risk of concrete harm is sufficient. FDCPA §807, §808, §808(6); §§1031,1036, 12 U.S.C. §§5531,5536 (Dodd-Frank Act)

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

93.    "A debt collector must tell you the name of the creditor, the amount owed, and that you can dispute the debt or seek verification of the debt."

The debt collector failed to do that and demanded more then the judgment without providing any invoices or receipts, and violated the Dodd-Frank Act and FDCPA when they overstated their claim. They then threatened me that if I did not sign a settlement agreement, the attorney fees would continue to increase and I would lose my home.

94.     I have incurred interest at the rate of 4.81% annually, the interest owed is approx $7,000-$8,000 on top of the $65,853.45 judgment.

Relief requested is an order to pay interest from the date the judgment was recorded to the date that Fidus cancelled its foreclosure hearing  only and to cancel / forgive that part of the interest that was assessed after Fidus cancelled their foreclosure hearing or as of the date that Fidus obtained its Writ of Execution and/or any other just and fair damages this Court determines.

COUNT XIII  - Christopher Todd Harris and Harris Trial Law PA

12 CFR 1006.22(a) and / or FDCPA §806 15 U.S.C. §1692 (d)

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

95.     A debt collector must not use unfair or unconscionable means to collect or attempt to collect any debt. This prohibition applies to the specific conduct described in this Section 9, as well as any other conduct by the debt collector in connection with the collection of a debt. 12 CFR 1006.22(a).

96.     Defendants false charges, misuse of the legal system including failing to provide any statements or invoices to justify the $202,000 demanded.

97.     Defendants failed to notify Adams of the debt in a reasonable period of time and failed to notify Adams of the huge debt.  Adams has never been served with a demand for payment including invoices.

98.     Defendants are now claiming $325,000 in court motions but have never presented their invoices or bills to me or the court.

Adams requests statutory, compensatory damages, and fees and costs and any other fair and just damages this Court determines.

## Count XIV – All Defendants

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

99.     Under the Fifth and Sixth and Fourteenth Amendments of the United States, Adams is entitled to due process of law, (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal.

100.    Adams was never served with a copy of the bills or invoices that Defendants were claiming were a valid debt that is owed to them.

101.    Adams was never notified of the true intent of the Case Management Conference (CMC).

102.    Adams has never received a safe harbor letter, nor has she received a notice of attorney fees, or any type of notice, or invoice, or bill concerning their claim for post judgment attorney fees.  Adams was denied a hearing to determine attorney fees.  There was no hearing on "proceedings supplementary".   There has never been a hearing on entitlement, but Fidus continues to demand escalating "claim".


Adams requests compensatory, statutory damages and fees, and costs and any other fair or just damages as determined by the Court.

Count XV – All Defendants

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

103.   Defendants have violated the FDCPA as described above, with malicious intent, and did commit the violations knowingly with intent to harm Adams; deceive Adams; and to wrongfully satisfy their judgment

104.   Each instance within five (5) years preceding the filing of this Complaint, in which Defendants have failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

Section 813 (1) and (2) (A) of the FDCPA, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA and Adams requests this amount and any other damages that she is entitled to or become entitled to including costs of this lawsuit, fees and attorney fees or attorney consultations and any other fair and just damages as determined by the Court.

Count XVI

Paragraphs 1 through 45 are hereby realleged and incorporated by reference, as if fully set forth below.

106.   Defendants violated FDCPA 1692 (e) (2) A when they misrepresented the amount of the debt and B the services which were received causing Adams to suffer extreme emotional distress; illness and malaise; high blood pressure, skin rash; painful joints and extreme anxiety, fear, frustration, loss of weight, inability to concentrate, severe back pain, and loss of her advisor/friend which has caused PTSD and other severe maladies.

Adams is entitled to compensatory damages, statutory damages, costs of filing this lawsuit, fees, and attorney consultations and attorney fees if applicable, and any other fair and just damages as determined by this court.

For all counts above, in addition to statutory, compensatory damages, and other damages requested by Adams,  Adams also requests damages for emotional pain and distress; and Adams requests a reservation of right to demand punitive damages, when and if permitted by statute.

Summary/Conclusion/Prayer

Kristen Adams has been severely damaged by the actions of the Defendants and the damages are irreversible, and they were intentional and done with malice, forethought, and with the purpose to deceive not only Adams but the Court and to mislead and sway the Court to the wrong decision.  The numbers of counts in this lawsuit are indicative of all the United States and state of Florida violations of law intentionally committed by the Defendants, with knowledge and malice, individually and collectively over the past few years. Adams is not the only Fidus-Harris victim but I am likely the only victim that has steadfastly refused to sign their egregious settlement agreement that contains a confidentiality and non-disparagement clause, even under severe threat of loss of real and personal property, and forced to defend myself against what seems on its face to be a respectable business owner and a highly reputable attorney when nothing could be further from the truth. Research on the Saint Johns docket and my conversations with other victims has armed me with the knowledge that what happened to me is an on-going conspiracy directed towards elderly homeowners that are new to Florida and Florida law.  This will be proved.

Adams request for actual and compensatory damages exceeds $1,000,000.  Adams requests an order removing the Lis Pendens from her

Nicobar property, and if an attorney is hired, attorney fees and costs, and if not, reimbursement for attorney consultations.  Adams requests compensation for the costs of this lawsuit, fees and future costs and fees and requests a reservation to demand punitive damages, if allowed by statute, and any further and just action that this Court believes will serve justice.

Verification

I Kristen Adams hereby declare under penalty of perjury that I have read the foregoing and that the statements are true and correct and if they are not I am subject to the penalties of perjury.

*Kristen Adams*

Kristen Adams
Plaintiff Pro Se

Demand for Trial by Jury

I Kristen Adams demand a jury trial in accordance with Rule 38 and Rule 5(d)

*Kristen Adams*

Kristen Adams
Plaintiff Pro-Se

Reservation of Right to Request Punitive Damages

I, Kristen Adams, hereby reserve the right to request punitive damages, if appropriate and permitted by Florida Law.

*Kristen Adams*

Kristen Adams, Pro Se

<u>Request for Consideration to Conversion to a Class Action Lawsuit</u>

I, Kristen Adams request this Court consider a conversion to a Class

Action Lawsuit if I am able to convince the other victims to join, and to

reserve this right within this pleading.  Because other victims were forced to

sign a settlement and non-disparagement agreement in order to end the

litigation and save their home, many have advised me they are afraid to join

a lawsuit against Fidus, fearing retribution, and Fidus legal fees but have

expressed their adamant desire to do so if the Court will grant them special

exemptions to testify in this matter.

If I am able to convince other parties to join, I request this Court

permit me to do so and to grant a conversion to a Class Action Lawsuit, and

extensions of time to depose the additional plaintiffs.

Kristen Adams
Plaintiff Pro Se

Respectfully submitted on November 12, 2024

Kristen Adams
PO Box 600072
Jacksonville, FL 32260
Phone 904.412-8001


\*      To be served by private process server